**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **JEFFREY SCOTT GRAVES,** | § | |
| | § | |
| **V.** | § | **A-12-CA-734-SS** |
| | § | |
| **WILLIAM STEPHENS, Director,** | § | |
| **Texas Dept. of Criminal Justice-** | § | |
| **Correctional Institutions Division,**[1] | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Respondent's Answer (Document 8); and Petitioner's response thereto (Document 9). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

**STATEMENT OF THE CASE**

**A.    Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 424th Judicial District Court of Llano County, Texas, in cause

---

[1]The previous named respondent in this action was Rick Thaler. On June 1, 2013, William Stephens succeeded Thaler as Director of the Texas Department of Criminal Justice, Correctional Institutions Division. Under Rule 25(d) of the Federal Rules of Civil Procedure, Stephens is automatically substituted as a party.

number 6154, styled <u>The State of Texas v. Jeffrey Scott Graves</u>. Petitioner was charged with enhanced theft of property valued between $20,000 and $100,000. After pleading not guilty, a jury found Petitioner guilty of the lesser included offense of enhanced theft of property valued between $1,500 and $20,000. On April 27, 2010, Petitioner was sentenced to 10 years of confinement.

Petitioner's conviction was affirmed by the Third Court of Appeals of Austin. <u>Graves v. State</u>, No. 03-10-00347, 2011 WL 1744972 (Tex. App. – Austin 2011, pet. ref'd). The Court of Criminal Appeals refused his petition for discretionary review. <u>Graves v. State</u>, PDR No. 847-11. Petitioner also challenged his conviction in a state application for habeas corpus relief. Petitioner's state application was denied without written order on July 18, 2012. <u>Ex parte Graves</u>, Appl. No. 77,790-01.

B.   **Factual Background**

The factual background of this case is found in the Court of Appeals opinion and is repeated below.

> Graves was accused of stealing inventory and equipment from his company-issued truck after being fired from his job as a mobile salesman for an electrical-supply company. On May 5, 2009, Graves was indicted for the third-degree felony of theft of property in the amount of $20,000 or more but less than $100,000. <u>See id.</u> § 31.03(e)(5). The indictment also included enhancement paragraphs for two separate prior convictions for the second-degree felony of burglary of a habitation. On March 2, 2010, the State served Graves with a notice of extraneous offenses, which included state-jail felony convictions for forgery of a financial instrument and theft of a firearm.FN1 The State did not give any additional notice of its intent to enhance. <u>See Brooks v. State</u>, 957 S.W.2d 30, 34 (Tex. Crim. App.1997) (allowing State to file notice of enhancement in form other than indictment). Prior to voir dire, the State abandoned enhancement paragraph two of the indictment due to an error.FN2
>
> FN1. The notice also included eight additional felony convictions: three second-degree felonies for burglary of a habitation, a third-degree felony for escape, and four state-jail felonies, including two burglary-of-a-building convictions, one unauthorized-use-of-a-motor-vehicle conviction, and one theft conviction.

2

> FN2. Graves's indictment cited the conviction as burglary of a habitation, while the conviction was actually for burglary of a building.
>
> After a trial, the jury found Graves guilty of the lesser-included offense of theft of property in the amount of $1,500 or more but less than $20,000. See TEX. PENAL CODE ANN. § 31.03(e)(4). This offense is a state-jail felony subject to a punishment range of 180 days to two years. See id.; see also id. § 12.35(a) (West Supp. 2010). Immediately prior to the punishment phase, the State announced its intent to enhance the range of punishment to a third-degree felony range of two to ten years by proving two prior state-jail felony convictions. See id. § 12.42(a)(1) (West Supp. 2010). Graves objected on the ground that he did not receive proper notice of the State's intent to enhance. Graves claimed that while the penal code required two prior state-jail convictions to enhance the lesser-included offense, the indictment only provided notice of one non-state-jail offense to be used for enhancement. The trial court overruled Graves's objection but had the State read the convictions it intended to use for enhancement into the record before the punishment trial began.FN3 Graves pleaded "not true" to the enhancement allegations. At punishment, the State entered a penitentiary packet into evidence as proof of prior convictions for the state-jail felonies of burglary of a building, theft of a firearm, and forgery, a second-degree felony for burglary of a habitation, and a third-degree felony for escape. The State called police officer Jay Bauman to testify regarding the contents of the penitentiary packet and Bill Boyd and Glen Williams, employees of the Llano County Sheriff's Department, to testify to Graves's bad reputation in the community. Graves presented no punishment witnesses. His defense consisted of raising two objections to the admissibility of the State's penitentiary packet. First, he objected that the packet was inadmissible hearsay. Second, he objected that the packet was not properly certified because the supporting affidavit did not identify which pages it was authenticating. The trial court overruled both objections, and Graves does not challenge the trial court's admission of the penitentiary packet on appeal. The jury found that Graves had been convicted of two prior state-jail felonies and assessed punishment at ten years' imprisonment and a $10,000 fine.
>
> FN3. The State announced that it would prove the state-jail felonies for burglary of a building, forgery of a financial instrument, and theft of a firearm. See TEX. PENAL CODE ANN. § 30.02(c)(1) (West 2003) (burglary of building), § 32.21(d) (West Supp. 2010) (forgery), § 31.03(e)(4)(C) (West Supp. 2010) (theft of firearm). It was required to prove at least two of the three to enhance Graves's sentence. See id. § 12.42(a)(1) (West Supp. 2010).

Graves v. State, No. 03-10-00347, 2011 WL 1744972, at *1 (Tex. App. – Austin 2011, pet. ref'd).

C.  **Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1.  His due process rights were violated because the state enhanced his offense without giving sufficient notice;

2.  The State violated his double-jeopardy rights by enhancing the lesser-included offense as well as the greater charged offense;

3.  The trial court erred because the judge told the jury that Petitioner was charged with a second-degree felony which indirectly informed the jury of the enhancements; and

4.  He received ineffective assistance of counsel on appeal because his attorney did not cite proper cases, raise appealable issues or consult with him about his appeal.

D.  **Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in this application with the exception of Petitioner's claim that he received ineffective assistance of appellate counsel. A review of the state court records submitted by Respondent shows that Petitioner has properly raised the first three of his claims in previous state court proceedings. Petitioner admits he failed to exhaust his state court remedies with regard to his final claim. Respondent argues the unexhausted claim is procedurally barred.

## DISCUSSION AND ANALYSIS

A.  **Unexhausted Claims**

Petitioner has not exhausted his claim that he received ineffective assistance of appellate counsel. Petitioner's unexhausted claim is procedurally barred. A subsequent state application for habeas corpus on Petitioner's unexhausted issue would be futile as it would be dismissed pursuant to Tex. Code Crim. Proc. Ann. art. 11.07, § 4 as an abuse of the writ. When a state court decision rests on a state law ground that is independent of a federal question and adequate to support the

judgment, federal courts lack jurisdiction to review the merits of the case. Coleman v. Thompson, 501 U.S. 722, 729, 111 S. Ct. 2546, 2553 (1991). In order for a claim of procedural default to preclude federal review of a habeas petitioner's claim, the last state court issuing a reasoned decision must have clearly and unequivocally relied upon the procedural default as an independent and adequate ground for denying relief. Harris v. Reed, 489 U.S. 255, 262, 109 S. Ct. 1038, 1043 (1989). Additionally, even though a claim has not been reviewed by the state courts, this Court may find that claim to be procedurally barred. Coleman, 501 U.S. at 735, 111 S. Ct. at 2557. The general rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply to those cases where a petitioner has failed to exhaust his state court remedies and the state court to which he would be required to present his unexhausted claims would now find those claims to be procedurally barred. Id. at n.1. However, a petitioner can still obtain federal habeas review on a claim denied by the state court on the grounds of procedural default if he can show cause and actual prejudice for his procedural default or that a failure to address the merits of the federal claim would result in a miscarriage of justice. Moore v. Roberts, 83 F.3d 699, 702 (5th Cir. 1996), citing Coleman, 501 U.S. at 750, 111 S. Ct. 2565, cert. denied, 519 U.S. 1093, 117 S. Ct. 773 (1997).

Petitioner has failed to show cause and actual prejudice for his procedural default and has made no showing that a failure to address the merits of the federal claim would result in a miscarriage of justice. Therefore, Petitioner is barred from raising his unexhausted claim.

**B.     The Antiterrorism and Effective Death Penalty Act of 1996**

Petitioner's remaining claims will be analyzed pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). The Supreme Court recently had the opportunity to summarize the basic principles that have grown out of the Court's many cases interpreting the

AEDPA. See Harrington v. Richter, – U.S. –, 131 S. Ct. 770, 783-85 (2011). The Court noted that the starting point for any federal court in reviewing a state conviction is 28 U.S.C. § 2254, which states in part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Court noted that "[b]y its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington, 131 S. Ct. at 784.

One of the issues Harrington resolved was "whether § 2254(d) applies when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." Id. Following all of the Courts of Appeals' decisions on this question, Harrington concluded that the deference due a state court decision under § 2554(d) "does not require that there be an opinion from the state court explaining the state court's reasoning." Id. (citations omitted). The Court noted that it had previously concluded that "a state court need not cite nor even be aware of our cases under § 2254(d)." Id. (citing Early v. Packer, 537 U.S. 3, 8 (2002) (per curiam)). When there is no explanation with a state court decision, the habeas petitioner's burden is to show there was "no reasonable basis for the state court to deny relief." Id. And even when a state court fails to state

which of the elements in a multi-part claim it found insufficient, deference is still due to that decision, because "§ 2254(d) applies when a 'claim,' not a component of one, has been adjudicated." Id.

As Harrington noted, § 2254(d) permits the granting of federal habeas relief in only three circumstances: (1) when the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of the Supreme Court; (2) when the earlier decision "involved an unreasonable application of" such law; or (3) when the decision "was based on an unreasonable determination of the facts" in light of the record before the state court. Id. at 785 (citing 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 412, 120 S. Ct. 1495, 1523 (2000)). The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision." Dowthitt v. Johnson, 230 F.3d 733, 740 (5th Cir. 2000) (quotation and citation omitted).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.

Id. at 740-41 (quotation and citation omitted). Under the "unreasonable application" clause of § 2254(d)(1), a federal court may grant the writ "if the state court identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 741 (quotation and citation omitted). The provisions of § 2254(d)(2), which allow the granting of federal habeas relief when the state court made an "unreasonable determination of the facts," are limited by the terms of the next section of the statute, § 2254(e). That section states that a federal court must presume state court fact determinations to

be correct, though a petitioner can rebut that presumption by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1). But absent such a showing, the federal court must give deference to the state court's fact findings. Id.

**C.  Enhancement Claim**

Petitioner alleges his due process rights were violated because the state enhanced his offense without giving sufficient notice. Petitioner raised this same claim on direct appeal. When considering the claim, the Texas appellate court stated:

> In a single issue on appeal, Graves challenges the trial court's determination that he received sufficient notice of the State's intent to enhance. The requirement that a defendant receive reasonable notice of prior convictions to be used for enhancement is a constitutional due process issue. See Villescas v. State, 189 S.W.3d 290, 294 (Tex. Crim. App. 2006). In determining whether a defendant received sufficient notice of the State's intent to enhance punishment, we are to look to the record to identify whether his defense was impaired by the timing of the notice. Pelache v. State, 324 S.W.3d 568, 577 (Tex. Crim. App. 2010). When a defendant has no defense to the enhancement allegation and has not suggested the need for a continuance in order to prepare one, notice given at the beginning of the punishment phase satisfies both the federal and state constitutions. Villescas, 189 S.W.3d at 294. Further, while some form of notice of enhancement is required, notice can be satisfied by reading the enhancement information into the record at the start of the punishment phase of trial. See Pelache, 324 S.W.3d at 576 (citing Oyler v. Boles, 368 U.S. 448, 452, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962)).
>
> Graves has made no indication, either at trial or on appeal, that he had any defense to the enhancement allegations other than his challenge to the admissibility of the penitentiary packet. Nor did he suggest that a continuance was required to discover or prepare a defense, even after the State twice volunteered that it would have no objections were a continuance requested. FN4  Additionally, Graves made no indication that he was surprised by or unprepared for the enhancement allegations. Indeed, Graves had notice well before the commencement of trial that: (1) the State intended to enhance the indicted offense and any lesser-included offense, see Pelache, 324 S.W.3d at 577 (holding that notice of intent to enhance indicted offense was sufficient notice of intent to enhance lesser-included offense); (2) the State intended to introduce the offenses for burglary of a building, forgery, and theft of a firearm during punishment; and (3) both the indicted offense and the lesser-included offense were statutorily subject to enhancement, see TEX. PENAL CODE ANN. § 12.42.

8

>Because Graves does not allege that his defense was impaired in any way by the timing of the notice of enhancement, we conclude that the notice read into the record prior to the punishment phase was sufficient. See Pelache, 324 S.W.3d at 576; Villescas, 189 S.W.3d at 294.
>
>FN4. The trial court, however, did not indicate whether it was amenable to granting a continuance.

Graves v. State, No. 03-10-00347, 2011 WL 1744972, at *2 (Tex. App. – Austin 2011, pet. ref'd).

Villescas, relied on by the state court, is based on the United States Supreme Court's ruling in Oyler v. Boles, 368 U.S. 448 (1962). There, the Supreme Court ruled that notice of intent to seek an enhancement need not even be given before trial on the substantive issue, but may be reserved until the punishment phase of a bifurcated trial so long as notice is reasonable and the defendant is given an opportunity to be heard relative to the enhancement charge. Id. at 452. Petitioner did not request a continuance of the punishment phase, even though the prosecution was agreeable, and Petitioner never raised any grounds for challenging the enhancement allegations. 5 RR 11.

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Petitioner has not shown a due process violation. Accordingly, Petitioner's claim does not warrant federal habeas relief.

**D.    Double Jeopardy**

Petitioner alleges the State violated his double jeopardy rights by enhancing the lesser included offense as well as the greater charged offense. Petitioner relies on Hernandez v. State, 929 S.W.2d 11 (Tex. Crim. App. 1996). Petitioner argues the State "is not permitted to use the same prior convictions to enhance both charging trial and punishment phase." He believes the State enhanced the same prosecution twice.

9

Hernandez precludes the State from using a previous conviction to enhance the punishment for an offense when that same conviction has been used to create the charged offense. That has not been done in Petitioner's case. 929 S.W.3d at 13. Petitioner raised this same issue in his state application for habeas corpus relief. The Texas Court of Criminal Appeals denied the application without written order. As there is no double jeopardy violation in this case, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, Petitioner's claim does not warrant federal habeas relief.

**E.    Trial Court Error**

In his next ground for relief, Petitioner argues the trial court erred because the judge told the jury Petitioner was charged with a second-degree felony, which indirectly informed the jury of the enhancements.

In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475 (1991). A petitioner is thus entitled to federal habeas relief due to trial error only if such error had a substantial and injurious effect or influence on the verdict. Brecht v. Abrahamson, 507 U.S. 619, 637-38, 113 S. Ct. 1710 (1993).

> [U]nder Brecht, a constitutional trial error is not so harmful as to entitle a defendant to habeas relief unless there is more than a mere reasonable possibility that it contributed to the verdict. It must have had a substantial effect or influence in determining the verdict. We recognize, however, that if our minds are "in virtual equipoise as to the harmlessness," under the Brecht standard, of the error, then we must conclude that it was harmful.

Mayabb v. Johnson, 168 F.3d 863, 868 (5th Cir. 1999) (quoting Woods v. Johnson, 75 F.3d 1017, 1026-27 (5th Cir. 1996)). To be entitled to federal habeas relief due to a trial error, petitioner must show the error actually prejudiced him. Brecht, 507 U.S. at 637. Petitioner has not shown how the alleged error actually prejudiced him in light of the jury acquitting him of the enhanced charge and finding him guilty of the lesser included charge. Accordingly, the Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence, when it denied Petitioner's request for relief.

## RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be denied.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without

reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 5th day of June, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE